# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLA BEEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause No. |
| ) | |
| SUNSHINE CLEANERS PLUS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Sunshine Cleaners Plus, Inc. (hereinafter referred to as the "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1441, 1446 (2009), and the Class Action Fairness Act of 2005 ("CAFA") codified in pertinent part at 28 U.S.C.§§ 1332(d) and 1453 (2009).

In support of this Notice, Defendant states as follows:

1. On September 3, 2019, Plaintiff Carla Been ("Plaintiff") filed a putative class action against Defendant in the Circuit Court of St. Louis County, Missouri captioned, *Been v. David L. Kliethermes, et al.* (Case No. 19SL-CC03934) (the "Action").

2. Plaintiff characterizes the suit as a "Pink Tax" lawsuit and further alleges Defendant violated Missouri law by purportedly charging a higher price for women's dry cleaning services than for comparable men's services. See Pet. ¶ 1; 18-29. Plaintiff alleges Defendant violated the Missouri Merchandising Practices Act ("MMPA") (Count I) and seeks Injunctive Relief (Count II).

3.	Plaintiff alleges that she, and members of a putative class, purchased certain dry cleaning services in Missouri during a five-year period beginning August 31, 2014.  See Pet. ¶ 12.

4.	Plaintiff is also serving as the named plaintiff in at least nine (9) law suits that include substantially similar allegations, five (5) of which are against local dry cleaners.[1]  Four of these cases have previously been removed to federal court (and Plaintiff did not dispute that jurisdiction exited in federal court in any of those cases), two of which are the subject of a pending motion to compel arbitration (4:19-cv-02601-HEA, 4:19-cv-02602-SRC), and the other

---

[1] These cases are as follows:

1.	*Carla Been v. Edgewell Personal Care Co. et al.*, Cause No. 19SL-CC02819 (St. Louis County Circuit Court)(7/9/19).

2.	*Carla Been v. Edgewell Personal Care Brands, et al.*, Cause No. 19SL-CC02900 (St. Louis County Circuit Court)(7/17/19).

3.	*Carla Been v. Conopco, Inc.*, Cause No. 19SL-CC02587 (St. Louis County Circuit Court)(7/14/19).

4.	*Carla Been v. Conopco, Inc., et al.*, Cause No. 19SL-CC02867 (St. Louis County Circuit Court)(7/14/19).

5.	*Carla Been v. Paek K. Park*, Cause No. 19SL-CC03824 (St. Louis County Circuit Court)(8/27/19).

6.	*Carla Been v. David L. Kliethermes & Sujka Kliethermes*, Cause No. 19SL-CC03900 (St. Louis County Circuit Court)(8/31/19).

7.	*Carla Been v. Green Tree Celaners, Inc.*, Cause No. 19SL-CC03931 (St. Louis County Circuit Court)(9/3/19).

8.	*Carla Been v. Chong Robinson*, Cause No. 19SL-CC03901 (St. Louis County Circuit Court)(8/31/19).

of which are subject to a motion to dismiss which will be filed on November 12, 2019 (4:19-cv-02704-NAB, 4:19-cv-02703-PLC).

5. As set forth below, Defendant has satisfied all jurisdictional and procedural requirements for removal of this action. CAFA jurisdiction exists because (1) the asserted class has at least 100 putative members; (2) the aggregate amount in controversy "exceeds the sum or value of $5,000,000;" and (3) at least one class member "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5). In addition, Defendant has removed this case within thirty days of service of the Action.

    **A.**    <u>**Defendant has satisfied the procedural requirements for removal**</u>

6. Plaintiff served Defendant on September 20, 2019. *See* **Exhibit 1** (State Court File). Accordingly, this Notice of Removal is timely filed within thirty (30) days of that date, as required by 28 U.S.C. § 1446(b).

7. The Circuit Court of St. Louis, Missouri is located within the Eastern District of Missouri, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 105(a)(1) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, which papers include the summons and petition, is attached hereto and incorporated herein as Exhibit 1.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of St. Louis County, Missouri. Pursuant to local guidelines, Defendant will file its "Notice of Filing of Notice of Removal to State Court" and "Notice to Plaintiff" via separate ECF entries.

10.     Pursuant to E.D.Mo. L.R. 3-2.02 and local guidelines, Defendant's Civil Cover Sheet and Original Filing Form are attached hereto and incorporated herein as **Exhibit 2** and **Exhibit 3**, respectively.

### B.     This Court has jurisdiction under CAFA

11.     Defendant removes this Action pursuant to CAFA. See 28 U.S.C. § 1332(d). Congress passed CAFA to expand federal jurisdiction over class actions. "The language and structure of CAFA indicate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (quotations omitted).

12.     Under CAFA, this Court has diversity jurisdiction of any asserted class action so long as (1) the asserted class has at least 100 putative members; (2) the aggregate amount in controversy "exceeds the sum or value of $5,000,000;" and (3) at least one class member is a citizen of a State different from any defendant. See 28 U.S.C. §§ 1332 (d)(2), (d)(5)-(6); *see also City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F.Supp.2d 1035, 1039 (E.D. Mo. 2013) (citing, *inter alia*, 28 U.S.C. § 1332(d)(2) and (d)(5), and *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012)).

13.     A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," 28 U.S.C. § 1332(d)(1)(B), such as Rule 52.08 of the Missouri Rules of Civil Procedure, which Plaintiff invokes in this case. See Pet. ¶ 12.

14.     The defendant's burden on removal is to show the prerequisites for federal jurisdiction by a preponderance of the evidence. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In support of removal, a defendant may rely on the plaintiff's allegations, which are

assumed to be true, *see, e.g., Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 946 (8th Cir. 2012)(holding Defendant established CAFA amount-in-controversy requirement based on "the face of the complaint alone"), as well as on affirmative evidence outside the pleadings, *see, e.g., Raskas v. Johnson & Johnson*, 719 F.3d 884, 887–88 (8th Cir. 2013)(holding Defendant established CAFA amount-in-controversy requirement through submission of affidavit evidence); *Thomas v. Neomedic, Inc.*, Civil No. 13-1057, 2013 WL 5178200, n. 2 (D. Minn. Sept. 13, 2013)("[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal . . . .")(quotation omitted).

15. In removing this action, Defendant has properly relied on the affirmative allegations of Plaintiff, as well as the evidence submitted in support of this Notice, to demonstrate this Court's jurisdiction.

C. **The class size requirement is satisfied**

16. Plaintiff affirmatively asserts that the putative class action she seeks to represent includes "thousands, if not tens of thousands, of individuals on a statewide basis." Pet. ¶ 13.

17. That allegation by itself is sufficient to establish CAFA's 100-person minimum class-size threshold. *See Bell,* 557 F.3d at 955 (observing that plaintiff's allegations conceded that "two of the three requirements to support jurisdiction under CAFA were satisfied (minimal diversity and 100 or more class members).").

D. **There is more than $5,000,000 in controversy in this litigation**

18. While Defendant disputes that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff or the asserted class, it is demonstrably evident that Plaintiff's proposed claims place more than $5,000,000 in controversy.

19. "Under the preponderance of evidence standard, the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder might legally conclude that they are." *O'Fallon*, 930 F.Supp.2d at 1041 (citation omitted; emphasis original). "The removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof. Discovery and trial come later." *Hartis*, 694 F.3d at 945 (quotation omitted). "Punitive damages, as well as allowable attorney fees, are included in calculating the amount in controversy." *O'Fallon*, 930 F.Supp.2d at 1041 (citation omitted).

20. "The amount in controversy is determined by the value to the plaintiff of the right sought be enforced." *Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). A defendant may expressly deny that the plaintiff is entitled to any relief, but at the same time rely on "an examination of the relief requested in the complaint" to determine the amount in controversy. *City of University City, Missouri v. AT&T Wireless Services, Inc.*, 229 F.Supp.2d 927, 934 (E.D. Mo. 2002) (citation omitted).

21. In this litigation, Plaintiff seeks compensatory damages "in the amount that each class member paid for a "women's shirt" and/or blouse to be dry-cleaned by Defendant at any time during the Class Period" (i.e., the full purchase price of $7.40). Pet. ¶ 26; 51. Plaintiff alleges she represents "thousands, if not tens of thousands, of individuals on a statewide basis." Pet. ¶ 13. At a minimum, each putative class member would represent at least a one-time purchase similar to Plaintiff's purchase.

22. Additionally, Plaintiff's demand for punitive damages and attorneys' fees further increases the amount in controversy. Pet. ¶ 53, Prayer for Relief. The MMPA allows plaintiffs to seek punitive damages and attorneys' fees. *See* MO. REV. STAT. § 407.025.1 (2019).

23. Plaintiff's law suit also seeks injunctive relief. See generally Count II of Petition at p.10-11 of Pet.; Pet. ¶ 57 ("Applicable law, including R.S. Mo. § 407.025 permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to charge substantially more to dry-clean "women's shirts" and/or "blouses" than Defendant charges to dry-clean "men's shirts.").

24. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Chochorowski v. Home Depot USA*, 585 F.Supp.2d 1085, (E.D. Mo. 2008); citing *Burns v. Massachusetts Mut. Life Ins. Co.,* 820 F.2d 246, 248 (8th Cir. 1987)("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced.").

25. Plaintiff alleges that the difference in Defendant's pricing is $0.50 per item (i.e. $7.40 for women's item, and $6.90 for a materially similar man's item). Pet. ¶ 26.

1. 26. Between January 1, 2014 – December 31, 2018, Defendant generated a total of $1,342,330.84 in revenue from dry cleaning and laundering shirts and blouses. See **Exhibit 4** (Declaration of Kiwon Jeon) at ¶ 3.

27. Plaintiff's demand for injunctive relief, punitive damages, and attorney's fees, taken together with the attached evidence, prove that there is more than $5,000,000 in controversy.

28. It is well-established that punitive damages several magnitudes higher than the asserted compensatory damages may be included in determining the amount in controversy if they are recoverable under applicable law. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[Prior cases] demonstrate what should be obvious: Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of

deterrence and retribution."); *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *1-3 (W.D. Mo. Feb. 14, 2008) ("Thus, total actual damages would be $658,431. Focusing for the moment on Count II and the availability of punitive damages, an award of slightly less than $4.4 million - or approximately 6.7 times the actual damages - would bring the total award to over $5 million. Such an award would likely be constitutionally acceptable; more importantly, the Court cannot say such an award is legally impermissible."); *Raskas*, 719 F.3d at 887-88 ("When considering the total sales in conjunction with the request for punitive damages the amount in controversy requirement is met."); *Brown v. City Chevrolet, LLC*, No. 09-0642-CV-W-GAF, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (compensatory damages "could amount to roughly $1,004,099" which "leaves a $3,995,992 difference between the amount of actual damages and the $5,000,001 jurisdictional requirement. A fact finder could legally and permissibly award such an amount as punitive damages (i.e., a little more than 3.98 times actual damages)."); *Kates v. Chad Franklin Nat. Auto Sales North, LLC*, No. 08-0384-CV-W-FJG, 2008 WL 3065009, at *2 n.5 (W.D. Mo. July 30, 2008) (finding that amount in controversy met because the "Court can easily imagine how $900,000 in actual damages, combined with punitive damages and attorney's fees, could exceed the jurisdictional threshold."); *Kerr v. Ace Cash Experts, Inc.*, 2010 WL 5177977 at * 2 (E.D. Mo. Dec. 14, 2010)(considering the possibility of more than $4,400,000 in attorney's fees and punitive damages based upon allegations of $594,000 in actual damages; *Dowell v. Debt Relief. Am., L.P.*, 2007 WL 187478, at * 2 (E.D. Mo. Feb. 14, 2007)(denying remand and noting that "juries are inclined to assess large punitive damages awards in MMPA cases).

29.     "Missouri case law supports the granting of a large amount of punitive damages in an MMPA claim, even when the amount of actual damages awarded on the claim is

considerably less." *Mishra v. Coleman Motors, LLC*, Case No. 4:16-cv-01553-PLC, 2017 WL 994868, at *5 (E.D. Mo. Mar. 15, 2017). See, e.g., *Lewellen v. Franklin*, 441 S.W.3d 136, 139 (Mo. 2014)(affirming punitive damages awards totaling $1,000,000, where actual damages were just $25,000); and *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 195 (Mo. Ct. App. 2013) (actual damages totaling $11,007.81; punitive damages totaling $881,789.05; and attorneys' fees totaling $165,250).

30. Based on Plaintiff's allegations and the evidence attached hereto, a jury might enter an award in excess of $5,000,000. The CAFA jurisdictional requirement is therefore satisfied.

E. **The minimal diversity requirement is satisfied**

31. CAFA diversity exists if any putative class member and any defendant are citizens of different states. 28 U.S.C. § 1332(d); *see also Pudlowski v. The St. Louis Rams, LLC*, Case No. 4:16-cv-189, 2016 WL 5660237, at *1 (E.D. Mo. Sept. 29, 2016)(citing *Westerfeld*, 621 F.3d at 822).

32. Plaintiff alleges she is a Missouri citizen. Pet. ¶ 6. She seeks to represent "[a]ll consumers in Missouri that, at any time during the Class Period, paid Defendant to dry clean "women's short(s)," and/or "blouse(s)." Pet. ¶ 12. Plaintiff's class definition may therefore include persons who did business in Missouri, but are not Missouri citizens.

33. Defendant meet CAFA's minimal diversity requirement because Plaintiff's class definition includes citizens from *anywhere* so long as their purchases occurred in Missouri. See Pet. ¶ 12 ("[a]ll consumers in Missouri.").

34. For instance, the putative class necessarily includes people who have never been citizens of Missouri, such as out-of-state students, members of the military, and resident foreign

nationals – all of whom retain their former citizenship unless manifesting an intent to reside in Missouri indefinitely. *See, e.g., McMorris v. TJX Companies, Inc*., 493 F.Supp.2d 158, 164-5 (D. Mass. 2007)(noting a "reasonable probability" that a class of Massachusetts residents had at least one non-citizen, satisfying CAFA); *Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 913 (5th Cir. 1988)("Although on military assignment and currently residing in Maryland, the [plaintiffs] have not manifested an intent to abandon Mississippi as their domicile.  They continue to be citizens of Mississippi for purposes of diversity jurisdiction."); 13E Moore's Fed. Prac. & Proc. Jurisdiction § 3619 (3d ed. 2019)("Out-of-state students generally have been viewed as temporary residents who are located in the state where their school is located only for the duration and for the purpose of their studies"), citing *Holmes v. Sopuch,* 639 F.2d 431, 434 (8th Cir. 1981).  Consequently, the principle has been well established that they have been presumed to lack the intention to remain in the state indefinitely that is required for the acquisition of a new domicile and to retain their prior, established domiciles while attending school"); and 13E Moore's Fed. Prac. & Proc. Jurisdiction § 3617 (3d ed. 2019)("Members of the military services of the United States also are protected against the involuntary loss of a domicile for purposes of diversity of citizenship jurisdiction.  Service personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the service."), citing *Ellis v. Southeast Const. Co.*, 260 F.2d 280, 282-83 (8th Cir. 1958(domicile of servicemember not affected by temporary assignments in course of duty).

35. Moreover, Defendant is located at 3828 S. Lindbergh Blvd., Sunset Hills, MO 63127, which is generally located around the intersection of Highway 270 and Highway 44 in

South St. Louis County.  Ex. 4 at ¶ 5.  Thus, Defendantis located approximately fourteen (14) miles from the boarder of the State of Illinois.  Ex. 4 at ¶ 6.

36. Given its proximity to the State of Illinois, it is not surprising that Defendant has customers that are citizens of the State of Illinois, but who work in the State of Missouri.  Ex. 4 at ¶ 7.

37. Indeed, Defendant is able to specifically identify an Illinois citizen who provided it with a blouse to be dry as recently as June 25, 2019.  Ex. 4 at ¶ 4.

38. Thus, CAFA's minimal jurisdictional requirement is therefore satisfied.

F. **Conclusion**

Defendant respectfully remove this action from the Circuit Court of St. Louis County, Missouri, bearing case number 19SL-CC03934, to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Action of 2005 ("CAFA") codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453.

McCARTHY, LEONARD, KAEMMERER, L.C.

BY: /s/ Bryan M. Kaemmerer
Michael E. Kaemmerer, #25652 (MO)
mkaemmerer@mlklaw.com
Bryan M. Kaemmerer, #52998 (MO)
bkaemmerer@mlklaw.com
825 Maryville Centre Dr., Ste. 300
Town & Country, MO 63017
Phone: (314) 392-5200
Fax:    (314) 392-5221

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of October 2019, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all parties entitled to notice.

/s/ Bryan M. Kaemmerer