

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                        GrantedPublicAccess   Logoff MEK_MLK2011

## 19SL-CC03934 - CARLA BEEN V SUNSHINE CLEANERS PLUS, INC. (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending   ○ Ascending     Display Options: [ All Entries ▼ ]

**Click here to Respond to Selected Documents**

| | | |
|---|---|---|
| 10/16/2019 | ☐ | **Entry of Appearance Filed** |
| | | Entry of Appearance; Electronic Filing Certificate of Service. |
| | | **Filed By:** MICHAEL EDWARD KAEMMERER |
| | ☐ | **Entry of Appearance Filed** |
| | | Entry of Appearance; Electronic Filing Certificate of Service. |
| | | **Filed By:** BRYAN MICHAEL KAEMMERER |
| 09/25/2019 | ☐ | **Corporation Served** |
| | | Document ID - 19-SMCC-8501; Served To - SUNSHINE CLEANERS PLUS, INC.; Server - ; Served Date - 20-SEP-19; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served |
| 09/10/2019 | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 19-SMCC-8501, for SUNSHINE CLEANERS PLUS, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| 09/03/2019 | ☐ | Filing Info Sheet eFiling |
| | | **Filed By:** DANIEL FRANCIS HARVATH |
| | ☐ | **Summ Req-Circuit Pers Serv** |
| | | REQUEST FOR ISSUANCE OF SUMMONS AND APPOINTMENT OF SPECIAL PROCESS SERVER. |
| | | **Filed By:** DANIEL FRANCIS HARVATH |
| | | **On Behalf Of:** CARLA BEEN |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | PLAINTIFFS CLASS ACTION PETITION. |
| | ☐ | Judge Assigned |
| | | DIV 9 |

Case.net Version 5.14.0.14             Return to Top of Page             Released 09/25/2019

**EXHIBIT 1**

**19SL-CC03934**

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **CARLA BEEN,** | ) | |
| *individually and on behalf of* | ) | **Case No. _____** |
| *all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **SUNSHINE CLEANERS PLUS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Serve Defendants at:** |
| | ) | |
| | ) | **Sunshine Cleaners Plus, Inc.** |
| | ) | **H. Jay Kim** |
| | ) | **1015 Locust Street, Suite 1036** |
| | ) | **St. Louis, MO 63101** |
| | ) | |

## CLASS ACTION PETITION

Plaintiff Carla Been, individually and on behalf of all others similarly situated, hereby files this, her Class Action Petition, against Defendants Sunshine Cleaners Plus, Inc. ("Defendant") for its gender-discriminatory pricing scheme that constitutes an illegal, "unfair practice" in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

## I.  INTRODUCTION

1.      This lawsuit addresses a particularly pernicious example of the so-called "Pink Tax," the price difference for female-specific products or services compared with those offered to men.  Study after study has revealed that, in American society, women, on a systematic and wide-spread basis, are charged more than men for what are essentially the exact same products or services.[1]  This gender-based price discrimination is indisputably harmful to women, adding another layer to the wage inequality that

---

[1] *See, e.g., "From Cradle to Cane: The Cost of Being a Female Consumer, A Study of Gender Pricing in New York City,"* New York City Department of Consumer Affairs, 2015.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

women face, ultimately making it harder for women to make ends meet.[2]  In fact, over twenty years ago, in 1994, the State of California estimated that the average woman is charged an extra $1,351.00 per-year, simply for being a woman; those numbers have only increased over the last two decades.

2.       Gender discrimination in pricing has become such a scourge affecting female consumers that governments in multiple areas of the country have specifically outlawed the practice, including those in New York, Miami-Dade County, Florida, and California.  In addition, in April of 2019, two members of the United States Congress introduced H.R. 2048, the *Pink Tax Repeal Act,* a bipartisan bill aimed at eliminating gender-based discrimination in pricing.  The bill's sponsor pointed out that "[t]he pink tax is not a one-time injustice.  It's an insidious form of institutionalized discrimination that affects women across the country from the cradle to the grave."[3]

3.       To be sure, not every instance of gender discrimination in pricing is unjustified; in certain circumstances, there may exist very real, material differences in products or services that legitimately account for corresponding pricing variances.  However, for every "justified" instance of gender-discrimination in pricing, there are scores more instances where the practice is unjustified and completely unfair.  This lawsuit concerns a particularly pernicious and predatory example of unfair gender-discriminatory pricing: Defendant's practice of charging, across-the-board, a substantially greater amount to dry-clean women's shirts than Defendant charges to dry-clean men's shirts.  This practice is unjustified and, by all measures, unfair.  There is no compelling difference between the labor or materials employed for women's versus men's shirts to justify any price differential, and certainly not a price differential as grossly excessive as that charged by Defendants.

---

[2] As just one of multiple examples, the United States Bureau of Labor Statistics recently reported that women's median earnings were 83 percent of those of male full-time wage and salary workers. *See* "Highlights of women's earnings in 2014." BLS Reports, Report #1058, November 2015.
[3] *See* "Reps Speier & Reed Reintroduce Pink Tax Repeal Act to End Gender-Based Pricing Discrimination," April 3, 2019 Press Release, available at: https://speier.house.gov/media-center/press-releases/reps-speier-reed-reintroduce-pink-tax-repeal-act-end-gender-based.

Electronically Filed - St. Louis County - September 03, 2019 - 09:21 PM

4.      As such, Defendant's grossly excessive, across-the-board much greater charge for dry-cleaning "women's" shirts, or "blouses," versus "men's" shirts, is equivalent to gender discrimination and is, without-a-doubt, an unfair practice.

5.      Fortunately for women living in Missouri, they are protected by the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), which specifically outlaws such "unfair practices."   By bringing this lawsuit, Plaintiff Carla Been aims not only to protect and to compensate all Missouri women victimized by Defendants in this manner, but also to punish and make an example of Defendant for its long-standing, insidious and predatory gender discrimination through the institution of punitive damages.

## II.      PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Carla Been is a citizen and resident of St. Louis County, Missouri.

7.      Plaintiff brings this Class Action Complaint individually and on behalf of a putative class of all Missouri residents.

8.      Defendant Sunshine Cleaners Plus, Inc. is a Missouri corporation doing business at two locations under the name "Sunshine Cleaners": 3823 South Lindberg, Sunset Hills, MO 63127 and 1651 Clarkson Rd., Chesterfield, MO 63017.  Because the discriminatory and illegal pricing scheme that is the subject of this lawsuit is practiced by Defendant at both locations, for all purposes herein, any reference to Defendant's conduct and/or Defendant's liability for such conduct refers to such conduct and such liability relating to both locations.

9.      Venue is proper in the Circuit Court of St. Louis County, Missouri, because the Plaintiff resides here, and a substantial part of the events or omissions giving rise to the claims in this action occurred in this venue.

10.      This forum also is superior in convenience to any other, as all of the Plaintiffs are or were Missouri citizens and are located in Missouri, and the acts complained of violated Missouri law.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

11.     This asserted class action comports with Missouri Supreme Court Rule 52.08 and with R.S.Mo. § 407.025(3) of the MMPA.  Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable.  This action raises questions of law and fact common among Plaintiffs.  The claims of lead Plaintiff is typical of all Plaintiffs' claims. Named Plaintiff will fairly and adequately protect all Plaintiffs' interests, and is represented by attorneys qualified to pursue this action. More specifically:

12.     <u>Class definition</u>:  Plaintiff Carla Been brings this action on behalf of herself and a class of similarly-situated persons defined as follows: All consumers in Missouri that, at any time during the Class Period, paid Defendant to dry clean "women's shirt(s)" and/or "blouse(s)."  In so doing, each class member was victimized by Defendant's "unfair practice" in violation of the MMPA – Defendant's grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."  The Class Period begins five years prior to the date of the filing of this Complaint, and ceases upon the date of the filing of this Complaint.  Excluded from the Class are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendant and any of its subsidiaries, parents, successors, and predecessors; any entity in which the Defendant or its parents have a controlling interest; and the Defendant's current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendant; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

13.     <u>Numerosity</u>:  Upon information and belief, the Class includes thousands, if not tens of thousands, of individuals on a statewide basis, making their individual joinder impracticable.  Although

4

Electronically Filed - St Louis County - September 03, 2019 - 09.21 PM

the exact number of Class members and their addresses are presently unknown to Plaintiff, they are readily ascertainable from Defendant's records.

14.     <u>Typicality</u>: Plaintiff's claims are typical of those of the Class because all Plaintiffs were injured by the Defendant's uniform wrongful conduct, specifically, employing an "unfair practice" under the MMPA, grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."

15.     <u>Adequacy</u>:  Plaintiff Carla Been is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent and experienced counsel, and she intends to prosecute this action vigorously.  The interests of the Class will be protected fairly and adequately by Plaintiff and her counsel.

16.     <u>Commonality</u>:  Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members, such as: (a) whether the Defendant's gender discriminatory pricing is an "unfair practice" pursuant to the MMPA; (b) whether and to what extent the Class members were injured by Defendant's illegal conduct; (c) whether the Class members are entitled to compensatory damages; (d) whether the Class members are entitled to punitive damages; (e) whether the Class members are entitled to declaratory relief; and (f) whether the Class members are entitled to injunctive relief.

17.     <u>Superiority</u>:  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct.  Thus, it would be extremely difficult for the individual Class members to obtain effective relief.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

Electronically Filed - St. Louis County - September 03, 2019 - 09:21 PM

### III.    BACKGROUND

*Facts Particular to Carla Been and Representative of the Proposed Class*

18.    In or around August of 2019, Plaintiff needed dry-cleaning services.

19.    She visited Defendant's dry-cleaning location at 3828 South Lindbergh Blvd., St. Louis, MO 63127.

20.    Upon arriving, she gave the clothes needing dry-cleaning to Defendant's agents.

21.    She turned over to Defendant's agent multiple garments, including one "women's" shirt and one "men's" shirt.

22.    The "men's" shirt was similar in quality and material to the "women's" shirt.

23.    Plaintiff gave to Defendant's agent one, long-sleeved, button-up "men's" dress shirt made of 100% cotton.

24.    Plaintiff gave to Defendant's agent a very similar, long-sleeved, button-up "women's" dress shirt made of 100% cotton.

25.    Plaintiff told Defendant's agent that she needed the shirts to be dry-cleaned.

26.    After Defendant's agent accepted the shirts, Defendant was given a receipt indicating that she was charged $7.40 for the "woman's shirt" and/or "blouse," but only $6.90 for the materially-similar "man's shirt;" she later paid such charges when retrieving the items from Defendant.

27.    Despite the two sets of shirts being materially identical in terms of style and material – and despite the fact the "men's" shirts consisted of a greater amount of fabric, Plaintiff was charged substantially more for the "women's" and/or "blouse" than she was charged for the "men's" shirt.

28.    In being so charged, Plaintiff was victimized by Defendant's "unfair practice" in violation of the MMPA – Defendant's grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."    Defendant's gender-discriminatory pricing scheme is arbitrary and unjustified and constitutes an "unfair practice" in violation of the MMPA.

6

Electronically Filed - St Louis County - September 03, 2019 - 09.21 PM

29.     There is no legitimate or material difference in the labor, materials and/or related costs of dry-cleaning underlying Defendant's gender-discriminatory pricing scheme to justify the significant price disparity.

30.     The terms of the MMPA, particularly the term "unfair practice," must be liberally construed to protect consumers.[4]

31.     The 2019 version of the Merriam-Webster dictionary provides, as one definition of "unfair," something that is "not equitable in business dealings."  "Equitable" is defined as "dealing fairly and equally with all concerned." Obviously, Defendants' gender-discriminatory pricing scheme does not deal "equally" with women who are required to pay substantially more than men for essentially the exact same service.

32.     Moreover, a Missouri regulation, 15 Mo. C.S.R. § 60–8.020, draws its authority from, and was promulgated to enforce, the MMPA; Section 60-8.020 provides that an "unfair practice" is any practice which, *inter alia,* "[o]ffends any public policy as it has been established by the Constitution, statutes or common law of this state … or … is unethical, oppressive or unscrupulous."

33.     Defendant's arbitrary and discriminatory pricing scheme is both "unethical" and "unscrupulous," and is "oppressive" to women; indeed, it is almost *universally* accepted that practices such as Defendant's are "unfair."[5]

---

[4] According to the Supreme Court of Missouri, "[t]he literal words [of the MMPA] cover every practice imaginable and every unfairness to whatever degree." *Ports Petroleum Co. Inc. of Ohio v. Nixon,* 37 S.W.3d 237, 240 (Mo. 2001).

[5] As just a few examples of the overwhelming consensus that such practices are unfair, supporters of the federal *Pink Tax Repeal Act* stated, *inter alia,* as follows: "It's time for these unfair practices to end." – Emily Martin, Vice President for Education & Workplace Justice at the National Women's Law Center; "There is no reason why men and women should pay different prices for essentially the same products or services; [t]his unfair practice should be stopped. The *Pink Tax Repeal Act* is a critical step in thwarting this unfair practice." – Susan Grant, Director of Consumer Protection and Privacy at Consumer Federation of America; "For products and services that do not differ in the labor, materials and related costs of production, it is unfair to charge more based on the gender of the consumer to whom it is marketed." – Richard Holober, Executive Director of the Consumer Federation of California.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

34.     In addition, Defendant's gender-discriminatory pricing scheme offends the same Missouri public policies underlying Missouri's express prohibitions against gender discrimination in multiple other areas, policies protecting the fact that all Missouri citizens are entitled to full and equal accommodations, advantages, facilities, privileges, and/or services regardless of factors like sex and/or race.

35.     For example, the Missouri Human Rights Act ("MHRA"), R.S. Mo. § 213.065(1) provides, generally, that "all persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment of any place of public accommodation [which includes commercial cleaners] … without discrimination … on the grounds of, [*inter alia*] … sex."

36.     The MHRA further provides that "[i]t is an unlawful discriminatory practice for any person, directly or *indirectly,* to … withhold from or deny any other person … *any* of the … advantages … services … or privileges made available in any place of public accommodation … on the grounds of, [*inter alia*] … sex." R.S. Mo. § 213.065(1)(emphasis added).

37.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the MHRA, the pricing scheme clearly offends some of the same public policies underlying the MHRA – particularly that consumers should be free from discrimination based on factors such as race and gender.

38.     In addition, 15 C.S.R. § 60–8.020 further provides that an "unfair practice" under the MMPA is any practice which, *inter alia,* "[o]ffends any public policy as it has been established by … the Federal Trade Commission, or its interpretive decisions…"

39.     The Federal Trade Commission ("FTC") has enforcement or administrative

---

*Available at*: https://speier.house.gov/media-center/press-releases/reps-speier-reed-reintroduce-pink-tax-repeal-act-end-gender-based.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

responsibilities under multiple laws, including the Federal Trade Commission Act and the Clayton Act.

40.     The Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13, provides, *inter alia,* that it "shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality …"

41.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the Robinson-Patman Act, the pricing scheme clearly offends some of the same public policies underlying that Act – particularly that consumers should be free from pricing discrimination based on factors such as race and gender.

42.     Likewise, the Federal Trade Commission enforces the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (the "ECOA").

43.     The ECOA, *inter alia,* makes it unlawful for a creditor to discriminate against any individual on the basis of age, race, color, religion, sex or marital status.

44.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the ECOA, the pricing scheme clearly offends some of the same public policies underlying the ECOA, which the FTC enforces – particularly that individuals should be free from discrimination based on factors such as gender.

45.     Thus, for several reasons, it is clear that Defendant's gender-discriminatory pricing scheme also "offends any public policy as it has been established … by the [FTC]." *See* 15 C.S.R. § 60–8.020.

46.     As such, for at least the multiple, independent reasons set forth *supra*, Defendant's gender-discriminatory pricing scheme constitutes an "unfair practice" prohibited by the MMPA.

47.     In short, under Missouri law, Defendant's gender-discriminatory pricing is illegal

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

## IV.   CAUSE OF ACTION

### COUNT ONE: VIOLATION OF THE MMPA – "Unfair Practice" -- Discriminatory Pricing

48.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Petition, as though fully set forth herein.

49.     The Defendant violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), by grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."

50.     For at least the multiple, independent reasons set forth *supra*, Defendant's gender-discriminatory pricing scheme constitutes an "unfair practice" pursuant to the MMPA, and thus is illegal under Missouri law.

51.     Pursuant to Defendant's numerous violations of the MMPA, Plaintiffs were damaged, suffering ascertainable losses, pursuant to the strict terms of the MMPA, in the amount that each class member paid for a "women's shirt" and/or "blouse" to be dry-cleaned by Defendant at any time during the Class Period.

52.     Due to Defendant's illegal conduct, Plaintiffs are entitled to restitution of all funds improperly obtained by Defendant.

53.     In addition, Defendant's conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiffs and others similarly situated and, therefore, warrants the imposition of punitive damages.

54.     Plaintiffs have been forced to hire attorneys to enforce their rights under the MMPA.

### COUNT TWO: INJUNCTIVE RELIEF

55.     Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth above.

56.     Defendant continues to retain payment made by Plaintiffs and other members of the Class

10

Electronically Filed - St Louis County - September 03, 2019 - 09.21 PM

that is the result of Defendant's unfair practice in violation of the MMPA.

57.     Applicable law, including R.S. Mo. § 407.025, permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to charge substantially more to dry-clean "women's shirts" and/or "blouses" than Defendant charges to dry-clean "men's shirts."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order certifying this action as a class action and appointing Plaintiff Carla Been as class representative and her counsel as class counsel.  Plaintiff requests that this court find that the Defendant violated the MMPA, and award Plaintiffs compensatory damages, restitution, attorneys' fees, punitive damages, costs, and such further relief as the Court deems just.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ Daniel F. Harvath
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

11

**19SL-CC03934**

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **CARLA BEEN,** | ) | |
| *individually and on behalf of* | ) | Case No. _____ |
| *all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **SUNSHINE CLEANERS PLUS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Serve Defendants at:** |
| | ) | |
| | ) | **Sunshine Cleaners Plus, Inc.** |
| | ) | **H. Jay Kim** |
| | ) | **1015 Locust Street, Suite 1036** |
| | ) | **St. Louis, MO 63101** |

<u>**REQUEST FOR ISSUANCE OF SUMMONS**</u>

Plaintiffs herein request the Issuance of Summons for Defendant <u>Sunshine Cleaners</u>

<u>Plus, Inc.</u> and that the Circuit Clerk appoint:

**(A qualified agent of) St. Louis Sheriff's Office; Civil Process; Civil Courts Building –**
**8th Floor, 10 North Tucker Blvd. St. Louis, MO 63101**

Natural person(s) of lawful age, to serve the summons and petition in this cause on

the below-named party:

**Sunshine Cleaners Plus, Inc.**
**H. Jay Kim**
**1015 Locust Street, Suite 1036**
**St. Louis, MO 63101**

Respectfully submitted,
By: */s/ Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119**;** (314) 550-3717
dharvath@harvathlawgroup.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  19SL-CC03934 |
|---|---|
| Plaintiff/Petitioner:<br>CARLA BEEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL FRANCIS HARVATH<br>PO Bcx 440393<br>ST LOUIS, MO  63144 |
| Defendant/Respondent:<br> SUNSHINE CLEANERS PLUS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  SUNSHINE CLEANERS PLUS, INC.**
                              **Alias:**

**SERVE H. JAY KIM**
**1015 LOCUST STREET SUITE 1036**
**ST. LOUIS, MO  63101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>10-SEP-2019</u>                                        _____
**Date**                                                          Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*         Subscribed and sworn to before me on _____ (date).

                My commission expires: _____        _____
                                                                Date                                Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



(Rev 7/17)

# VERNON BETTS
**SHERIFF**
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

**FILED**

SEP 2 5 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Return of Service on Summons/Petition and Subpoena

**Defendant** _Sunshine Cleaners Plus Inc_   **Doc. ID Number** _19-SMCC-8501_

**Address** _1015 Locust #1036_   **Case Number** _19SL-CC03934_

**Executed:**  [✓] **Summons / Petition**   [ ] **Subpoena**

---

I hereby certify that I served the within **summons and petition** by:

[ ]   Subpoena   **How Served:** _____

[ ]   Posting copy of Summons and copy of Petition, to dwelling listed on above address.

[ ]   Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
      **How Served:** _____

[ ]   Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the
      Defendant/Respondent with a family member over the age of 15 years _____

[ ]   Non-Est Reason: _____

---

[✓]   For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of
      Possession to

    [ ]   An Agent and/or Appointed Agent:_____ (name) _____ (title).

    [ ]   A Partner:_____ (name) _____ (title).

    [ ]   A Managing or General Agent: _____ (name) _____ (title).

    [ ]   The person in charge of defendant's business office _____ (name)
      _____ (title).

    [✓]   The Registered Agent: _Jt. Joy Tim_ (name) _Attorney_ (title).

[ ]   Non-Est Reason: _____

---

[ ]   For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of
      the petition to:

    [ ]   The Registered Agent: _____ (name) _____ (title).

    [ ]   An Authorized Person: _____ (name) _____ (title).

    [ ]   An Organizer: _____ (name) _____ (title).

[ ]   Non-Est Reason: _____

---

Served at _1015 Locust #1036_ (address)

in (**City of St. Louis**), MO, on _9/20/19_ (date) at _11:14 am_ (time).

_Lynn Webbe_   _Lynn Webbe 223_
**Print name of Sheriff or Server**   **Signature of Sheriff or Server**

---

A copy of the execution must be served on each Defendant/Respondent. For methods of service on all
classes of suits, see Supreme Court Rule 54.



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

RECEIVED 19 SEP 17 PM 12: 58 ST LOUIS SHERIFF

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number: 19SL-CC03934 |
| Plaintiff's/Petitioner:<br>CARLA BEEN | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL FRANCIS HARVATH<br>PO Box 440393<br>ST LOUIS, MO 63144 |
| vs. | |
| Defendant/Respondent:<br>SUNSHINE CLEANERS PLUS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:   SUNSHINE CLEANERS PLUS, INC.

                     Alias:

SERVE H. JAY KIM
1015 LOCUST STREET SUITE 1036
ST. LOUIS, MO 63101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

           You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

           SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>10-SEP-2019</u>
Date

Further Information:
AD

                    _____
                                         Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                            Signature of Sheriff or Server

              **Must be sworn before a notary public if not served by an authorized officer:**

              Subscribed and sworn to before me on _____ (date).

*(Seal)*

              My commission expires: _____      _____
                               Date                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 19-SMCC-8501   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                             54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

*R 2121*

Dear Process Server:

Please serve the attached summons/petition
on the party indicated.

Service fee is attached.

Call w/ any questions, please.

Thank you,

~ Dan Harvath
314-550-3717

Electronically Filed - St Louis County - October 16, 2019 - 07:36 AM

**IN THE  21ST JUDICIAL CIRCUIT  COURT,      ST. LOUIS COUNTY      , MISSOURI**

Carla Been,

       Plaintiff,

               vs.

Sunshine Cleaners Plus, Inc.,

       Defendant.

Case Number:  19SL-CC03934

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Sunshine Cleaners Plus, Inc., Defendant, in the above-styled cause.

 

/s/ Bryan M. Kaemmerer
Bryan Michael Kaemmerer
Mo Bar Number: 52998
Attorney for Defendant
825 Maryville Centre Drive
Suite 300
Town & Country, MO 63017-5946
Phone Number: (314) 392-5200
bkaemmerer@mlklaw.com

### Certificate of Service

I hereby certify that on _____ October 16th, 2019 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Bryan M. Kaemmerer
Bryan Michael Kaemmerer



**IN THE  21ST JUDICIAL CIRCUIT  COURT,  ST. LOUIS COUNTY , MISSOURI**

Electronically Filed - St Louis County - October 16, 2019 - 07:41 AM

Carla Been,

        Plaintiff,

               vs.

Sunshine Cleaners Plus, Inc.,

        Defendant.

Case Number:  19SL-CC03934

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Sunshine Cleaners Plus, Inc., Defendant, in the above-styled cause.

 

/s/ Michael E. Kaemmerer
Michael Edward Kaemmerer
Mo Bar Number: 25652
Attorney for Defendant
825 Maryville Centre Drive
Suite 300
Town & Country, MO 63017-5946
Phone Number: (314) 392-5200
mkaemmerer@mlklaw.com

### Certificate of Service

I hereby certify that on  October 16th, 2019 , a copy of the foregoing was sent through the

Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery,

electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Michael E. Kaemmerer
Michael Edward Kaemmerer