**19SL-CC03934**

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **CARLA BEEN,** | ) | |
| *individually and on behalf of* | ) | **Case No. _____** |
| *all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **SUNSHINE CLEANERS PLUS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Serve Defendants at:** |
| | ) | |
| | ) | **Sunshine Cleaners Plus, Inc.** |
| | ) | **H. Jay Kim** |
| | ) | **1015 Locust Street, Suite 1036** |
| | ) | **St. Louis, MO 63101** |
| | ) | |

### CLASS ACTION PETITION

Plaintiff Carla Been, individually and on behalf of all others similarly situated, hereby files this, her Class Action Petition, against Defendants Sunshine Cleaners Plus, Inc. ("Defendant") for its gender-discriminatory pricing scheme that constitutes an illegal, "unfair practice" in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

### I.    INTRODUCTION

1.    This lawsuit addresses a particularly pernicious example of the so-called "Pink Tax," the price difference for female-specific products or services compared with those offered to men.  Study after study has revealed that, in American society, women, on a systematic and wide-spread basis, are charged more than men for what are essentially the exact same products or services.[1]  This gender-based price discrimination is indisputably harmful to women, adding another layer to the wage inequality that

---

[1]  *See, e.g., "From Cradle to Cane: The Cost of Being a Female Consumer, A Study of Gender Pricing in New York City,"* New York City Department of Consumer Affairs, 2015.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

women face, ultimately making it harder for women to make ends meet.[2]  In fact, over twenty years ago, in 1994, the State of California estimated that the average woman is charged an extra $1,351.00 per-year, simply for being a woman; those numbers have only increased over the last two decades.

2.        Gender discrimination in pricing has become such a scourge affecting female consumers that governments in multiple areas of the country have specifically outlawed the practice, including those in New York, Miami-Dade County, Florida, and California.  In addition, in April of 2019, two members of the United States Congress introduced H.R. 2048, the *Pink Tax Repeal Act,* a bipartisan bill aimed at eliminating gender-based discrimination in pricing.  The bill's sponsor pointed out that "[t]he pink tax is not a one-time injustice.  It's an insidious form of institutionalized discrimination that affects women across the country from the cradle to the grave."[3]

3.        To be sure, not every instance of gender discrimination in pricing is unjustified; in certain circumstances, there may exist very real, material differences in products or services that legitimately account for corresponding pricing variances.  However, for every "justified" instance of gender-discrimination in pricing, there are scores more instances where the practice is unjustified and completely unfair.  This lawsuit concerns a particularly pernicious and predatory example of unfair gender-discriminatory pricing: Defendant's practice of charging, across-the-board, a substantially greater amount to dry-clean women's shirts than Defendant charges to dry-clean men's shirts.  This practice is unjustified and, by all measures, unfair.  There is no compelling difference between the labor or materials employed for women's versus men's shirts to justify any price differential, and certainly not a price differential as grossly excessive as that charged by Defendants.

---

[2] As just one of multiple examples, the United States Bureau of Labor Statistics recently reported that women's median earnings were 83 percent of those of male full-time wage and salary workers. *See* "Highlights of women's earnings in 2014." BLS Reports, Report #1058, November 2015.
[3] *See* "Reps Speier & Reed Reintroduce Pink Tax Repeal Act to End Gender-Based Pricing Discrimination," April 3, 2019 Press Release, available at: https://speier.house.gov/media-center/press-releases/reps-speier-reed-reintroduce-pink-tax-repeal-act-end-gender-based.

Electronically Filed - St. Louis County - September 03, 2019 - 09:21 PM

4.      As such, Defendant's grossly excessive, across-the-board much greater charge for dry-cleaning "women's" shirts, or "blouses," versus "men's" shirts, is equivalent to gender discrimination and is, without-a-doubt, an unfair practice.

5.      Fortunately for women living in Missouri, they are protected by the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), which specifically outlaws such "unfair practices."  By bringing this lawsuit, Plaintiff Carla Been aims not only to protect and to compensate all Missouri women victimized by Defendants in this manner, but also to punish and make an example of Defendant for its long-standing, insidious and predatory gender discrimination through the institution of punitive damages.

## II.      PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Carla Been is a citizen and resident of St. Louis County, Missouri.

7.      Plaintiff brings this Class Action Complaint individually and on behalf of a putative class of all Missouri residents.

8.      Defendant Sunshine Cleaners Plus, Inc. is a Missouri corporation doing business at two locations under the name "Sunshine Cleaners": 3823 South Lindberg, Sunset Hills, MO 63127 and 1651 Clarkson Rd., Chesterfield, MO 63017.  Because the discriminatory and illegal pricing scheme that is the subject of this lawsuit is practiced by Defendant at both locations, for all purposes herein, any reference to Defendant's conduct and/or Defendant's liability for such conduct refers to such conduct and such liability relating to both locations.

9.      Venue is proper in the Circuit Court of St. Louis County, Missouri, because the Plaintiff resides here, and a substantial part of the events or omissions giving rise to the claims in this action occurred in this venue.

10.      This forum also is superior in convenience to any other, as all of the Plaintiffs are or were Missouri citizens and are located in Missouri, and the acts complained of violated Missouri law.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

11.     This asserted class action comports with Missouri Supreme Court Rule 52.08 and with R.S.Mo. § 407.025(3) of the MMPA.  Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable.  This action raises questions of law and fact common among Plaintiffs.  The claims of lead Plaintiff is typical of all Plaintiffs' claims. Named Plaintiff will fairly and adequately protect all Plaintiffs' interests, and is represented by attorneys qualified to pursue this action. More specifically:

12.     <u>Class definition</u>:  Plaintiff Carla Been brings this action on behalf of herself and a class of similarly-situated persons defined as follows: All consumers in Missouri that, at any time during the Class Period, paid Defendant to dry clean "women's shirt(s)" and/or "blouse(s)."  In so doing, each class member was victimized by Defendant's "unfair practice" in violation of the MMPA – Defendant's grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."  The Class Period begins five years prior to the date of the filing of this Complaint, and ceases upon the date of the filing of this Complaint.  Excluded from the Class are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendant and any of its subsidiaries, parents, successors, and predecessors; any entity in which the Defendant or its parents have a controlling interest; and the Defendant's current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendant; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

13.     <u>Numerosity</u>:  Upon information and belief, the Class includes thousands, if not tens of thousands, of individuals on a statewide basis, making their individual joinder impracticable.  Although

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

the exact number of Class members and their addresses are presently unknown to Plaintiff, they are readily ascertainable from Defendant's records.

14. <u>Typicality</u>: Plaintiff's claims are typical of those of the Class because all Plaintiffs were injured by the Defendant's uniform wrongful conduct, specifically, employing an "unfair practice" under the MMPA, grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."

15. <u>Adequacy</u>:  Plaintiff Carla Been is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent and experienced counsel, and she intends to prosecute this action vigorously.  The interests of the Class will be protected fairly and adequately by Plaintiff and her counsel.

16. <u>Commonality</u>:  Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members, such as: (a) whether the Defendant's gender discriminatory pricing is an "unfair practice" pursuant to the MMPA; (b) whether and to what extent the Class members were injured by Defendant's illegal conduct; (c) whether the Class members are entitled to compensatory damages; (d) whether the Class members are entitled to punitive damages; (e) whether the Class members are entitled to declaratory relief; and (f) whether the Class members are entitled to injunctive relief.

17. <u>Superiority</u>:  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct.  Thus, it would be extremely difficult for the individual Class members to obtain effective relief.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

5

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

### III.    BACKGROUND

*Facts Particular to Carla Been and Representative of the Proposed Class*

18.    In or around August of 2019, Plaintiff needed dry-cleaning services.

19.    She visited Defendant's dry-cleaning location at 3828 South Lindbergh Blvd., St. Louis, MO 63127.

20.    Upon arriving, she gave the clothes needing dry-cleaning to Defendant's agents.

21.    She turned over to Defendant's agent multiple garments, including one "women's" shirt and one "men's" shirt.

22.    The "men's" shirt was similar in quality and material to the "women's" shirt.

23.    Plaintiff gave to Defendant's agent one, long-sleeved, button-up "men's" dress shirt made of 100% cotton.

24.    Plaintiff gave to Defendant's agent a very similar, long-sleeved, button-up "women's" dress shirt made of 100% cotton.

25.    Plaintiff told Defendant's agent that she needed the shirts to be dry-cleaned.

26.    After Defendant's agent accepted the shirts, Defendant was given a receipt indicating that she was charged $7.40 for the "woman's shirt" and/or "blouse," but only $6.90 for the materially-similar "man's shirt;" she later paid such charges when retrieving the items from Defendant.

27.    Despite the two sets of shirts being materially identical in terms of style and material – and despite the fact the "men's" shirts consisted of a greater amount of fabric, Plaintiff was charged substantially more for the "women's" and/or "blouse" than she was charged for the "men's" shirt.

28.    In being so charged, Plaintiff was victimized by Defendant's "unfair practice" in violation of the MMPA – Defendant's grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."    Defendant's gender-discriminatory pricing scheme is arbitrary and unjustified and constitutes an "unfair practice" in violation of the MMPA.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

29.     There is no legitimate or material difference in the labor, materials and/or related costs of dry-cleaning underlying Defendant's gender-discriminatory pricing scheme to justify the significant price disparity.

30.     The terms of the MMPA, particularly the term "unfair practice," must be liberally construed to protect consumers.[4]

31.     The 2019 version of the Merriam-Webster dictionary provides, as one definition of "unfair," something that is "not equitable in business dealings."  "Equitable" is defined as "dealing fairly and equally with all concerned." Obviously, Defendants' gender-discriminatory pricing scheme does not deal "equally" with women who are required to pay substantially more than men for essentially the exact same service.

32.     Moreover, a Missouri regulation, 15 Mo. C.S.R. § 60–8.020, draws its authority from, and was promulgated to enforce, the MMPA; Section 60-8.020 provides that an "unfair practice" is any practice which, *inter alia,* "[o]ffends any public policy as it has been established by the Constitution, statutes or common law of this state … or … is unethical, oppressive or unscrupulous."

33.     Defendant's arbitrary and discriminatory pricing scheme is both "unethical" and "unscrupulous," and is "oppressive" to women; indeed, it is almost *universally* accepted that practices such as Defendant's are "unfair."[5]

---

[4] According to the Supreme Court of Missouri, "[t]he literal words [of the MMPA] cover every practice imaginable and every unfairness to whatever degree." *Ports Petroleum Co. Inc. of Ohio v. Nixon,* 37 S.W.3d 237, 240 (Mo. 2001).

[5] As just a few examples of the overwhelming consensus that such practices are unfair, supporters of the federal *Pink Tax Repeal Act* stated, *inter alia,* as follows: "It's time for these unfair practices to end." – Emily Martin, Vice President for Education & Workplace Justice at the National Women's Law Center; "There is no reason why men and women should pay different prices for essentially the same products or services; [t]his unfair practice should be stopped. The *Pink Tax Repeal Act* is a critical step in thwarting this unfair practice." – Susan Grant, Director of Consumer Protection and Privacy at Consumer Federation of America; "For products and services that do not differ in the labor, materials and related costs of production, it is unfair to charge more based on the gender of the consumer to whom it is marketed." – Richard Holober, Executive Director of the Consumer Federation of California.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

34.     In addition, Defendant's gender-discriminatory pricing scheme offends the same Missouri public policies underlying Missouri's express prohibitions against gender discrimination in multiple other areas, policies protecting the fact that all Missouri citizens are entitled to full and equal accommodations, advantages, facilities, privileges, and/or services regardless of factors like sex and/or race.

35.     For example, the Missouri Human Rights Act ("MHRA"), R.S. Mo. § 213.065(1) provides, generally, that "all persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment of any place of public accommodation [which includes commercial cleaners] … without discrimination … on the grounds of, [*inter alia*] … sex."

36.     The MHRA further provides that "[i]t is an unlawful discriminatory practice for any person, directly or *indirectly,* to … withhold from or deny any other person … *any* of the … advantages … services … or privileges made available in any place of public accommodation … on the grounds of, [*inter alia*] … sex." R.S. Mo. § 213.065(1)(emphasis added).

37.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the MHRA, the pricing scheme clearly offends some of the same public policies underlying the MHRA – particularly that consumers should be free from discrimination based on factors such as race and gender.

38.     In addition, 15 C.S.R. § 60–8.020 further provides that an "unfair practice" under the MMPA is any practice which, *inter alia,* "[o]ffends any public policy as it has been established by … the Federal Trade Commission, or its interpretive decisions…"

39.     The Federal Trade Commission ("FTC") has enforcement or administrative

---

*Available at*: https://speier.house.gov/media-center/press-releases/reps-speier-reed-reintroduce-pink-tax-repeal-act-end-gender-based.

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

responsibilities under multiple laws, including the Federal Trade Commission Act and the Clayton Act.

40.     The Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13, provides, *inter alia,* that it "shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality …"

41.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the Robinson-Patman Act, the pricing scheme clearly offends some of the same public policies underlying that Act – particularly that consumers should be free from pricing discrimination based on factors such as race and gender.

42.     Likewise, the Federal Trade Commission enforces the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (the "ECOA").

43.     The ECOA, *inter alia,* makes it unlawful for a creditor to discriminate against any individual on the basis of age, race, color, religion, sex or marital status.

44.     Accordingly, regardless of whether Defendant's gender-discriminatory pricing scheme violates the exact "letter" of the ECOA, the pricing scheme clearly offends some of the same public policies underlying the ECOA, which the FTC enforces – particularly that individuals should be free from discrimination based on factors such as gender.

45.     Thus, for several reasons, it is clear that Defendant's gender-discriminatory pricing scheme also "offends any public policy as it has been established … by the [FTC]." *See* 15 C.S.R. § 60–8.020.

46.     As such, for at least the multiple, independent reasons set forth *supra*, Defendant's gender-discriminatory pricing scheme constitutes an "unfair practice" prohibited by the MMPA.

47.     In short, under Missouri law, Defendant's gender-discriminatory pricing is illegal

Electronically Filed - St Louis County - September 03, 2019 - 09:21 PM

## IV.    CAUSE OF ACTION

**COUNT ONE: VIOLATION OF THE MMPA – "Unfair Practice" -- Discriminatory Pricing**

48.      Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Petition, as though fully set forth herein.

49.      The Defendant violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), by grossly over-charging customers to dry-clean "women's shirts" and/or "blouses" compared to "men's shirts."

50.      For at least the multiple, independent reasons set forth *supra*, Defendant's gender-discriminatory pricing scheme constitutes an "unfair practice" pursuant to the MMPA, and thus is illegal under Missouri law.

51.      Pursuant to Defendant's numerous violations of the MMPA, Plaintiffs were damaged, suffering ascertainable losses, pursuant to the strict terms of the MMPA, in the amount that each class member paid for a "women's shirt" and/or "blouse" to be dry-cleaned by Defendant at any time during the Class Period.

52.      Due to Defendant's illegal conduct, Plaintiffs are entitled to restitution of all funds improperly obtained by Defendant.

53.      In addition, Defendant's conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiffs and others similarly situated and, therefore, warrants the imposition of punitive damages.

54.      Plaintiffs have been forced to hire attorneys to enforce their rights under the MMPA.

**COUNT TWO: INJUNCTIVE RELIEF**

55.      Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth above.

56.      Defendant continues to retain payment made by Plaintiffs and other members of the Class

that is the result of Defendant's unfair practice in violation of the MMPA.

57.    Applicable law, including R.S. Mo. § 407.025, permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to charge substantially more to dry-clean "women's shirts" and/or "blouses" than Defendant charges to dry-clean "men's shirts."

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order certifying this action as a class action and appointing Plaintiff Carla Been as class representative and her counsel as class counsel.  Plaintiff requests that this court find that the Defendant violated the MMPA, and award Plaintiffs compensatory damages, restitution, attorneys' fees, punitive damages, costs, and such further relief as the Court deems just.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ Daniel F. Harvath
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

11