**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CARLA BEEN,                              )  </br>                                                     )  </br>          Plaintiff,                            )  </br>v.                                                  )   Cause No. 4:19-cv-02836-RLW </br>                                                     )  </br>SUNSHINE CLEANERS PLUS, INC.,   )  </br>                                                     )  </br>          Defendant.                        )  | |

**DEFENDANT'S SUR-REPLY BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND**

COME NOW Defendant, by and through its undersigned counsel, and for its Sur-Reply Brief in Opposition to Plaintiff's Motion for Remand [Doc. 6], states as follows:

A.   <u>Legal argument: Plaintiff has failed to satisfy her burden of proof that the home state exception to CAFA jurisdiction is met</u>

Notably, in her Reply Brief [Doc. 15] Plaintiff does not dispute that Defendant has met its burden to prove that the $5,000,000 amount in controversy has been met. Thus, the sole issue for the Court's determination is whether Plaintiff has met her burden of proof that the home state exception to CAFA jurisdiction has been met.

As noted in a case that Plaintiff cites in her Reply Brief – *Hargett v. RevClaims, LLC*, 854 F.3d 962, 966 (8th Cir. 2017) – there are only two ways that a Plaintiff can satisfy her burden to prove the applicability of the home state exception to CAFA jurisdiction: (i) sound evidence, or (ii) defining the class as local citizens. Doc. 15 at p. 2-3. As set forth more fully *infra*, Plaintiff has failed to meet her burden under either prong.

**EXHIBIT 1**

1

      i. <u>Plaintiff has not defined her class to include only Missouri citizens</u>

  Plaintiff engages in a tortured reading of her Petition in support of her assertion that it only includes Missouri citizens. In so doing, Plaintiff largely ignores that the section of her Petition entitled "[c]lass definition" defines her purported class to include "[a]ll consumers in Missouri." Doc. 1-1 at p.4, ¶ 12.

  Of course, a class of "consumers" is much broader than a class of "citizens" (which is exclusive to a single state, and requires permanence) or even than a class of "residents" (which includes those located in Missouri for longer than a brief duration). For instance, a class of "consumers" necessarily includes those visiting Missouri, temporarily in Missouri or even someone traveling through Missouri to reach their final destination. These individuals would not be considered either citizens or residents, but they do qualify as consumers.

  Despite the fact that the word "citizen" does <u>not</u> appear anywhere in Plaintiff's class definition, she argues that a single reference to "citizens" in her Petition her Petition somehow trumps her class definition, and necessarily limits her class to only Missouri citizens. But Plaintiff fails to acknowledge that her reference to "citizens" is made with regard to "plaintiffs," not members of her purported class who by definition are not a party to the suit. Doc 1-1 at p.3, ¶ 10 ("This forum is superior in convenience to any other, as all of the Plaintiffs are or were Missouri citizens and are located in Missouri, and the acts complained of violated Missouri law.").

In *Smith v. Bayer Corp.*, 564 U.S. 299, 314 (2011) the United States Supreme Court noted that unnamed members of a class action are not parties to the suit and therefore cannot possibly qualify as a "plaintiff". Further, the *Smith* court noted that any argument that a non-named class member is a party to the class action litigation before the class is certified is a "novel and surely erroneous argument." *Id*. at 313.

It is unclear whether Plaintiff's reference to "Plaintiffs" being Missouri citizens was merely a typographical error (as there is clearly only a single Plaintiff in this case), or is based on a fundamental misunderstanding of the distinction between a named plaintiff and members of the putative class that he or she seeks to represent. Either way, this reference cannot be understood to reference the absent members of an uncertified class, and therefore Plaintiff's argument that this reference in her law suit somehow overrode her contrary class definition must necessarily fail.

    ii. <u>The case law that Plaintiff relies upon in support of her assertion that she has provided the Court with adequate evidence of citizenship has been expressly abrogated by the Eighth Circuit in *Hood v. Gilster-Mary Lee Corp.*</u>

Seemingly realizing the tenuous nature of her assertion that her class definition is limited to Missouri citizens, Plaintiff argues in the alternative that the references that she made to the U.S. Census Bureau statistics provide the Court with adequate evidence to infer that at least two-thirds of the proposed class are Missouri citizens. In support thereof, Plaintiff argues that because discovery has not occurred, the census bureau statistics are the best evidence that she can offer to the Court at this procedural juncture. Doc. 15 at p.2.

However, Plaintiff failed to request jurisdictional discovery from the Court and therefore cannot use her lack of diligence to satisfy her burden of proof. Indeed, there is nothing in the *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263 (8th Cir. 2015) decision to suggest that its holding that affidavit evidence or statistically significant surveys are the only way that a plaintiff can meet their evidentiary burden is somehow limited to cases where jurisdictional discovery has occurred. To the contrary, the *Hood* decision serves as a roadmap for plaintiffs to follow in requesting and drafting jurisdictional discovery prior to providing evidence to the Court regarding citizenship of the class members. Indeed, obtaining an expert who provided statistically significant testimony is precisely what the plaintiff in *McAllister v. St. Louis Rams*, 2018 WL 1410236 at * 2 (E.D. Mo. 2018) did before presenting the Court with statistical evidence to address the citizenship issue.

Perhaps more concerning is Plaintiff's reliance on the district courts' decisions in the *Elsea*, *Randall*, *Tonnies*, *Clover*, and *Redd* cases given that the *Hood* court explicitly abrogated these decisions. *Hood*, 785 F.3d at 265, fn.1. It is glaringly obvious that these decisions are no longer to be followed by the red flag that appears on Westlaw indicating that they were abrogated by the *Hood* decision. See F.R.C.P. 11(b)("Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law . . ."

In this case it is even more evident that Plaintiff has not met her evidentiary burden than in the *Hood* case.  In *Hood*, the plaintiff (after requesting jurisdictional discovery) presented the Court with last known addresses of the putative class members.  In contrast, Plaintiff merely provides the Court with census data that generally applies to the entire state of Missouri (i.e. it does not take into account proximity of a particular region in the state to neighboring states, financial status, etc.).  Further, the proffered statistics do not relate to citizenship of the class members on the key date, which is the date that the Defendant removed the case to this Court (i.e. Plaintiff's percentage change statistic was for the period from April 1, 2010 – July 1, 2018, and her statistic regarding the percent of those living in the same house as one year ago was even more antiquated as it was for the period from 2013-2017)

But common sense and logic dictates that a location such as Defendant's cleaners that is so close to a neighboring state will have a higher percentage of non-Missouri citizens as customers than say, for instance, a dry cleaning business located in Wentzville, Missouri.  And the fact that Defendant's dry cleaning services are generally viewed as a non-essential item supports an inference that their customer base is generally more financially stable such that they may be more likely to have the wherewith all to relocate to a different state should they desire to do so.  Simply put, Plaintiff has not, and cannot, cite to a single case in which the Court has allowed such generic evidence to serve as the basis for remand under the home state exception to CAFA jurisdiction.  This Court should likewise adhere to *Hood* and its progeny to find that Plaintiff has not met her burden under this exception.

> B.   Legal argument: In the event that this Court grants Plaintiff's Motion for Remand, Plaintiff's request for the attorney's fees that she incurred in connection therewith should be denied because Defendant had an objectively reasonable basis for removal

The arguments that Plaintiff raises in support of her assertion that Defendant did not have an objectively reasonable basis for their removal to this Court are essentially a regurgitation of the arguments that she made in support of her request to remand the case.  Further, Plaintiff fails to cite any case law in support of her argument that fact that the home state exception appears in the same statute as CAFA's jurisdictional provisions somehow makes Defendant's removal objectively unreasonable.

There is a good faith dispute between the parties over this Court's jurisdiction.  The lack of objective reasonableness is a much higher standard than the preponderance standard.  This is not one of the rare instances in which the defendant's removal was so far outside the bounds of any reasonable argument in favor of jurisdiction that an award of fees was warranted, especially in light of Congress's stated desire in CAFA for broad diversity jurisdiction over class actions. Indeed, an award of fees in cases such as this would tend to discourage parties from attempting to act in accordance with Congress's desire to expand the Federal Courts' jurisdiction over class actions.  As such, Plaintiff's request for her attorney's fees must be denied in its entirety.

WHEREFORE, Defendant respectfully requests the Court to deny Plaintiff's Motion for Remand, to deny Plaintiff's request for attorneys' fees that she incurred in connection with the Motion for Remand, and for such other and further relief as the Court deems just and appropriate.

        McCARTHY, LEONARD, KAEMMERER, L.C.

BY:   /s/ Bryan M. Kaemmerer
       Michael E. Kaemmerer, #25652 (MO)
       mkaemmerer@mlklaw.com
       Bryan M. Kaemmerer, #52998 (MO)
       bkaemmerer@mlklaw.com
       825 Maryville Centre Dr., Ste. 300
       Town & Country, MO  63017
       Phone: (314) 392-5200
       Fax:   (314) 392-5221

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of December 2019, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all parties entitled to notice.

       /s/ Bryan M. Kaemmerer